UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────
WILLIAM E. HOUCK,

                         Plaintiff,                17-CV-1196(MAT)

               v.                                **DECISION
and ORDER**

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
───────────────────────────────

## **INTRODUCTION**

William E. Houck, ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for Disability Insurance Benefits ("DIB"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. #7, 14.

## **BACKGROUND**

**A.   Procedural History**

Plaintiff filed an application for DIB on February 25, 2014, alleging disability beginning February 22, 2008, based on neck and lower back injuries. T. 176-80.[1] Plaintiff's application was initially denied on May 7, 2014, and he filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). T. 93-105.

---

[1] "T.___" refers to pages of the administrative record. Dkt. #9.

ALJ George Bock conducted a video hearing on May 5, 2016, during which Plaintiff testified with counsel. A Vocational Expert also testified. T. 57-85. At the hearing, Plaintiff's onset date of disability was amended to October 15, 2009. T. 58-59.

On May 18, 2016, ALJ Bock issued a decision finding Plaintiff not disabled. T. 13-31. Plaintiff requested a review of the ALJ's decision, which the Appeals Council denied. T. 1-6. The ALJ's determination thus became the final decision of the Commissioner subject to judicial review under 42 U.S.C. § 1383(c)(3). This action followed. Dkt. #1.

The issue before the Court is whether the Commissioner's decision that Plaintiff was not disabled is supported by substantial evidence and free of legal error. See Pl. Mem. (Dkt. #7-1) 15-30; Comm'r Mem. (Dkt. #14-1) 19-27.

**B. The ALJ's Decision**

In applying the familiar five-step sequential analysis, as contained in the administrative regulations promulgated by the Social Security Administration ("SSA"), see 20 C.F.R. §§ 404.1520, 416.920; Lynch v. Astrue, No. 07-CV-249, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps), the ALJ found: (1) Plaintiff did not engage in substantial gainful activity since October 15, 2009; (2) he had the severe impairments of history of neck injury, 2008, mild degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, degenerative joint disease of the left knee, and mild obesity; (3) his

2

impairments did not meet or equal the Listings set forth at 20 C.F.R. § 404, Subpt. P, Appx. 1. The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with limitations of lifting up to 20 pounds occasionally and 10 pounds frequently, sitting up to six hours and standing and/or walking up to six hours in an eight-hour workday, occasionally climbing ramps and stairs, balancing, kneeling, and crouching, and never crawling, working overhead, or climbing ladders, ropes or scaffolds;[2] (4) Plaintiff could not perform his past relevant work as a maintenance engineer; and (5) relying upon on vocational expert testimony, the ALJ determined that a person with Plaintiff's age, education, work experience, and RFC, he could perform the light, semiskilled jobs of Assembler, Circuit Repairer, and Order Filler, and the light unskilled jobs of Folder, Pricer, and Counter Attendant. T. 26-39.

## **DISCUSSION**

**A. Scope of Review**

A federal court should set aside an ALJ decision to deny disability benefits only where it is based on legal error or is not supported by substantial evidence. <u>Balsamo v. Chater</u>, 142 F.3d 75,

---

[2] By definition, light work involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category if it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of the activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404.1567(b).

3

79 (2d Cir. 1998). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003) (internal quotation marks omitted).

**B.  Substantial Evidence**

Plaintiff first contends that the ALJ failed to evaluate four medical opinions of record, failed to give proper weight to Plaintiff's treating physician, cherry-picked the evidence, and erroneously determined Plaintiff's RFC.  Pl. Mem. 17-28.

**1.  Opinion Evidence**

Plaintiff claims that ALJ failed to address four different opinions from the record: a June 22, 2011 opinion rendered by sports medicine doctor Frederick McAdam, M.D.; opinions dated September 6, 2011, and October 22, 2012, by neurosurgeon Guy Corkill, M.D.; and an Independent Medical Examination ("IME") Report on Functional Capabilities completed by Dr. Corkill on April 3, 2012.  Pl. Mem. 19-22.

It is within the ALJ's discretion to resolve genuine conflicts in the evidence. Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002). In so doing, the ALJ may "choose between properly submitted medical opinions." See Balsamo, 142 F.3d at 81. Moreover, an ALJ is free to reject portions of medical-opinion evidence not supported by objective evidence of record, while accepting those portions supported by the record. See Veino, 312 F.3d at 588.

With regard to the opinions of neurosurgeon Guy Corkill, the record shows that the limitations assessed were the same on September 6, 2011, and October 22, 2012, in that Plaintiff should not lift over 10 pounds, avoid repetitive lifting, bending, pushing, pulling, standing, and looking up. T. 269, 569. Those limitations were the same as Dr. Corkill's April 3, 2012 opinion, which the ALJ did evaluate and discount. T. 23, 479. Similarly, the checkbox IME Report dated April 3, 2012, indicates occasional lifting/carrying, pulling/pushing, sitting, standing, walking, climbing, kneeling and bending/stooping/squatting and that Plaintiff was limited to sedentary work.[3] T. 484.

While Social Security regulations require the ALJ to "evaluate every medical opinion [she] receives, regardless of its source," see 20 C.F.R. § 404.1527(c), he also "does not have to state on the record every reason justifying a decision" or "discuss every piece of evidence submitted." Brault v. Soc. Sec. Admin., 683 F.3d 443, 448 (2d Cir. 2012). The ALJ rejected Dr. Corkill's opinions of limitations dated August 19, 2010, and April 3, 2012, and provided his reasons for doing so. T. 21, 23. Those opinions were unchanged in September, 2011, and in October, 2012. Moreover, the ALJ did discuss the evaluation dated October 22, 2012, indicating that he

---

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

5

did not wholly fail to *consider* the limitations identified by Dr. Conkill on that date, which is all that is required by the regulations. T. 23.[4]

Accordingly, the failure of the ALJ to explicitly discuss the two opinions rendered by Dr. Corkill is, at most, harmless error because it would not have changed the outcome of the proceedings and was not significantly more favorable to Plaintiff than those that were addressed. See Greek v. Colvin, 802 F.3d 370, 376 (2d Cir. 2015); Gemmell v. Comm'r of Soc. Sec., 2017 WL 3328237, at *5 (N.D.N.Y. Aug. 2, 2017) ("[F]ailure to consider or weigh an opinion may be harmless error where consideration of that opinion would not have changed the outcome.") (collecting cases); cf. Sottasante v. Colvin, 209 F. Supp. 3d 578, 594 (W.D.N.Y. 2016) (because "Dr. Tzetzo's statement is significantly more favorable to Plaintiff than other opinions in the record," the ALJ's "failure to address this opinion was not harmless").

Contrary to Plaintiff's assertion, the ALJ did not overlook or fail to discuss the medical opinion of sports medicine Dr. Frederick McAdam. Pl. Mem. 18; T. 22-23. Rather, the ALJ discussed the examination findings and afforded the opinion "some weight." T. 23. Although the ALJ erroneously indicated that

---

[4] In this regard, the ALJ observed that during this evaluation, Dr. Corkill noted that Plaintiff had reached maximum medical improvement and was going to school for computer skill instruction, which was inconsistent with Plaintiff's allegations of memory difficult or inability to sit very long. T. 23. Plaintiff also reported success with his epidural injections, and had no motor or sensory deficits, along with normal muscle bulk, tone, power, and coordination. T. 23-24.

6

Dr. McAdam's report "did not provide the limitations," the restrictions provided by Dr. McAdam (repetitive bending, lifting twisting; operation of vibratory or mechanical equipment, no prolonged standing/sitting over 10 minutes, no lifting over 20 pounds) were to remain in effect only until August 2, 2011. T. 589. The doctor reported that Plaintiff could return to work the following day with those restrictions. Id. The ALJ clearly took into account Dr. McAdam's opinion indicating that Plaintiff could return to full-time work with accommodation ("The undersigned gives this opinion some weight because it indicates that claimant can return to work"), see T. 23, and therefore this evidence does not support a more permanent limitation as required by the Social Security disability standard.
See generally, Barnhart v. Walton, 535 U.S. 212, 219 (2002) (a claimant's functional limitations—and not merely his diagnosis—must meet the 12-month durational requirement in order to establish disability).

### 2. Treating Physician

Plaintiff also challenges that ALJ's consideration of the medical source statement completed by treating physician Craig Maclean, D.O. Pl. Mem. 20-23.

Generally, the opinion of a treating physician is entitled to controlling weight if it is well supported by medically acceptable clinical and diagnostic techniques and is not inconsistent with the other substantial evidence in the record. See 20 C.F.R.

7

§§ 404.1527(c)(2). When not given controlling weight, a treating physician's opinion must be evaluated considering factors such as the length and frequency of treatment; the nature and extent of the treatment relationship; the degree to which the medical source opinion is supported by medical signs and laboratory findings; the degree to which the medical source opinion is consistent with the record as a whole; whether the medical source is a specialist; and the amount of understanding of the disability programs and requirements that the medical source has. 20 C.F.R. §§ 404.1527(c)(2)-(6).

On May 6, 2016, two and a-half years after the relevant time period, Dr. Maclean provided a medical source statement indicating that Plaintiff could lift and carry up to 20 pounds occasionally, stand less than two hours per day, sit less than six hours at 20-minute intervals, alternate from sitting to standing, and needed to lie down or recline every three to four hours. T. 786.

Here, the ALJ read Dr. Maclean's notation of "q 3-4" with respect to "need to lie down or recline" as three to four hours *each* day, whereas the correct reading of that medical abbreviation is *every* three to four hours. T. 25. Accordingly, the portion of the ALJ's decision indicating that the "objective evidence during the relevant period, including the Functional Capacity Evaluation, does not support that claimant had low back symptoms severe enough that he needed to lie down during the day for 3-4 hours," is incorrect.

8

As an initial matter, this opinion was rendered outside of the period and has little probative value regarding Plaintiff's condition during the relevant time period. See Williams v. Colvin, 98 F. Supp. 3d 614, 632 (W.D.N.Y. 2015) (ALJ was not required to consider medical opinions outside of the relevant time period); Shook v. Comm'r of Soc. Sec., No. 12-CV-185, 2013 WL 1213123, at *6 (N.D.N.Y. Jan. 25, 2013), report and recommendation adopted, No. 12-CV-185, 2013 WL 1222008 (N.D.N.Y. Mar. 25, 2013) (doctor's opinion written more than two and a half years after date last insured did not relate to relevant time period); Gill v. Astrue, No. 10-CV-985, 2011 WL 4352410, at *12 (N.D.N.Y. Sept. 15, 2011), report and recommendation adopted, No. 10-CV-985, 2011 WL 4352719 (N.D.N.Y. Sept. 15, 2011) (treating source report completed two years after date last insured did not address plaintiff's condition during the relevant time period). The ALJ observed as much. T. 24.

Nonetheless, the ALJ still evaluated the opinion, finding that the evidence during the relevant period, including a Functional Capacity Evaluation dated April 12, 2011, was inconsistent with Dr. MacLean's statement. T. 25. The Functional Capacity Evaluation showed that Plaintiff was able to push up 120 pounds and pull 100 pounds, and that sitting was not a deficit. T. 22.

Additional conflicting evidence included Plaintiff's "good response" to lumbar epidural injections and his performance of many daily activities. T. 25. Furthermore, A previous opinion by Dr. MacLean from relevant period (March, 2012) made no mention of

9

a need for Plaintiff to lie down. T. 25, 476. Accordingly, the ALJ gave good reasons to discount Dr. MacLean's 2016 opinion. T. 24-25.

For all of these reasons the Court finds that the ALJ correctly considered and assigned weight to the opinions from Drs. Corkill, McAdam, and MacLean.

**C.   RFC Finding**

Plaintiff briefly contends that his dizziness conflicts with the RFC limitation to stand and/or walk for up to six hours. Pl. Mem. 25-26.

The ALJ's decision points to the following facts during the relevant period indicating that Plaintiff's dizziness was not as severe as alleged: Plaintiff was able to walk for exercise, shop, perform household chores, drive without issue, and attend computer training; he testified that he could get around safely without a cane; his examinations showed normal gait and coordination; and he denied dizziness upon admission to the on hospital December 17, 2012, for symptoms of confusion. T. 19, 21-25, 62, 192-96, 243, 257, 265, 323, 329, 474, 485-6, 685, 740. Simply put, substantial evidence in the record supports the ALJ's standing and/or walking limitation.

The Court has also considered Plaintiff's remaining substantial evidence challenges and finds them to be without merit.

### D. Listings Analysis

Plaintiff also argues that the evidence of record demonstrates that Plaintiff's lumbar and cervical spinal impairments meet or medically equal the requirements of Listing 1.04. Pl. Mem. 28-30.

To be considered disabled under Listing 1.04(A), a plaintiff must demonstrate evidence of a disorder of the spine that results in the compromise of a nerve root or the spinal cord with evidence of nerve root compression. See 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, §§ 1.04, 1.04(A). The nerve root compression must be "characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss...." Id., § 1.04(A). It is the plaintiff's burden to "demonstrate that [his] disability [meets] 'all of the specified medical criteria' of a spinal disorder." Otts v. Comm'r, 249 Fed. Appx. 887, 888 (2d Cir. 2007) (quoting Sullivan v. Zebley, 493 U.S. 521, 531 (1990)). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan, 493 U.S. at 530 (citation omitted).

Here, the ALJ found that Plaintiff did not exhibit the requisite motor loss, muscle weakness, sensory or reflex loss, or inability to ambulate effectively to meet Listing 1.04. T. 19. Contrary to Plaintiff's assertion, see Pl. Reply Mem. (Dkt. # 19) at 2, the ALJ went on to discuss objective findings, examination results, and treatment notes in connection with Plaintiff's spinal

11

impairments in the balance of the decision. T. 22-24. Therein, he noted that while some examinations revealed limited range of motion, motor weakness and/or decreased sensation, T. 23, the majority of the treatment notes routinely documented Plaintiff's normal muscle strength, lack of motor or sensory deficits, and the ability to ambulate normally. T. 19, 22-24, 257, 266, 271, 308, 323, 474, 486, 570, 685, 732, 735, 740, 747.

The ALJ therefore weighed the abnormal examination findings against several other unremarkable reports in the record, and substantial evidence supports his determination in this regard. Plaintiff is reminded that "[u]nder the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence . . . [he] must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record." See Hanson v. Comm'r of Soc. Sec., No. 15 CV 0150, 2016 WL 3960486, at *12 (N.D.N.Y. June 29, 2016), report and recommendation adopted sub nom. Hanson v. Colvin, No. 15 CV 150, 2016 WL 3951150 (N.D.N.Y. July 20, 2016).

Finally, simply because the medical evidence cited above was not discussed contemporaneously with the step three analysis does not render it flawed. See Woodling v. Comm'r of Soc. Sec., No. 17-CV-0606, 2018 WL 4468824, at *8 (W.D.N.Y. Sept. 18, 2018) ("[A]lthough not specifically outlined in his step three analysis, it is clear from the ALJ's discussion of the medical evidence that

he took into consideration evidence pertaining to Plaintiff's spinal impairment.").

For all of these reasons, the ALJ's determination is free of legal error and is supported by substantial evidence in the record.

## **CONCLUSION**

For the foregoing reasons, the Court finds that the Commissioner's decision is not legally flawed and is based on substantial evidence. Accordingly, it is affirmed. The Commissioner's motion for judgment on the pleadings is granted, and Plaintiff's motion for judgment on the pleadings is denied. The Clerk of Court is directed to close this case.

ALL OF THE ABOVE IS SO ORDERED.

                                          S/Michael A. Telesca

                                    HONORABLE MICHAEL A. TELESCA
                                    United States District Judge

Dated:    Rochester, New York
            November 23, 2018